UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VALERIE STRODE,

    Plaintiff,

v.                                         Case No. 2:19-cv-669-FtM-60NPM

WAL-MART STORES, INC. n/k/a
WALMART, INC. and
WAL-MART STORES EAST, LP

    Defendant.
_____/

## ORDER DENYING "PLAINTIFF VALERIE STRODE'S MOTION TO REMAND WITH MEMORANDUM"

This matter is before the Court on "Plaintiff Valerie Strode's Motion to Remand with Memorandum," filed by counsel on September 17, 2019. (Doc. # 6). Defendant Wal-Mart Stores Inc. n/k/a Walmart, Inc. and Wal-Mart Stores East, LP ("Walmart") filed a response in opposition on October 1, 2019. (Doc. # 15). Strode filed a reply on October 9, 2019. (Doc. # 18). The Court held a hearing on this matter on November 18, 2019. After reviewing the motion, response, reply, legal arguments, court file, and record, the Court finds as follows:

In her motion to remand, Strode argues that the notice of removal is untimely because Walmart should have ascertained that the case was removable either prior to or at the time that her lawsuit was filed in state court. Walmart contends, however, that it did not have sufficient knowledge as to the existence of diversity jurisdiction until it received Strode's answers to interrogatories where she stated that she is a Florida resident with alleged medical bills in excess of $242,929.44.

When a civil action is originally brought in state court, a defendant may remove such action when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts maintain original jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and

costs. 28 U.S.C. § 1332(a). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

Upon review, the Court finds that Walmart has established that removal is proper based on the applicable removal statute and recent case law from the Ft. Myers Division of the Middle District of Florida. Under the facts presented here, removal was timely where the notice of removal was filed within thirty (30) days of Walmart's receipt of Strode's responses to the interrogatories. Consequently, "Plaintiff Valerie Strode's Motion to Remand with Memorandum" is denied.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED:**

(1) "Plaintiff Valerie Strode's Motion to Remand with Memorandum" (Doc. # 6) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 20th day of November, 2019.

TOM BARBER
UNITED STATES DISTRICT JUDGE